THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDIFECS INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIBCO SOFTWARE INC., a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO.: 10-CV-330-RSM<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR**<br>April 23, 2010<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY BRIEF RE MOTION TO DISMISS**
CASE NO.: 10-CV-330-RSM
3954549_1.DOC

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. REPLY TO OPPOSITION BRIEF ................................................................................ 2

    A. Edifecs Does not State a Claim for Breach of Contract......................................... 2

        1. "Threatened Misappropriation" is not "Inevitable Disclosure." ................ 2

        2. Edifecs Failed to Allege Actual Trade Secret Misappropriation. ............... 3

        3. Employee Segregation is not "Commercially Reasonable" in California. .................................................................................................... 4

    B. Edifecs's Arguments do not Save the Implied Covenant Claim............................. 6

    C. The UTSA Claim Fails Under California or Washington Law. ............................. 6

        1. Edifecs Fails to Address the Restatement Choice of Law Test. ................ 6

        2. Edifecs Did Not Allege Wrongdoing in Washington. ............................... 7

        3. The UTSA Claim is Intertwined with the Contract Claim. ....................... 8

        4. California Law Requires Dismissal. .......................................................... 9

        5. Washington Courts Would not Adopt "Inevitable Disclosure." .............. 10

    D. Edifecs Fails to State a Claim for "Injunctive Relief." ........................................ 11

    E. Edifecs's Allegations from its Other Lawsuit do not Save its Claims.................. 12

III. CONCLUSION............................................................................................................. 12

**REPLY BRIEF RE MOTION TO DISMISS**  
CASE NO.: 10-CV-330-RSM  
3954549_1.DOC

-i-

**WILSON SONSINI GOODRICH & ROSATI**  
701 Fifth Avenue, Suite 5100  
Seattle, WA  98104-7036  
Tel: (206) 883-2500  
Fax: (206) 883-2699

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aetna, Inc. v. Fluegel*, 2008 WL 544504 (Conn. Sup. 2008) ..........................................................11

*American Airlines, Inc. v. Imhof*, 620 F. Supp. 2d 574 (S.D.N.Y. 2009) .......................................11

*Ansys v. Computational Dynam. N. Am., Ltd.*, 595 F.3d 575 (1st Cir. 2010)................................10

*Central Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501..............................................................2

*Clorox Co. v. S.C. Johnson & Son, Inc.*, 627 F. Supp. 2d 954 (E.D. Wisc. 2009) ..............3, 4, 6, 7

*Dearborn v. Everett J. Prescott, Inc.*, 486 F. Supp. 2d 802 (S.D. Ind. 2007)..................................11

*Del Monte Fresh Prod. Co. v. Dole Food Co., Inc.*, 148 F. Supp.2d 1326 (S.D. Fla. 2001) ....................................................................................................................................11

*Desert Sun Net LLC v. Kepler*, 2006 WL 3091170 (W.D. Wash. 2006)........................................10

*Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564 (2009)................................................4, 5

*FLIR Systems, Inc. v. Parrish*, 176 Cal. App. 4th 1270 (2009) ........................................................2

*Globespan, Inc. v. O'Neill*, 151 F. Supp. 2d 1229 (C.D. Cal. 2001) ..............................................10

*Hydrofarm, Inc. v. Orendorff*, 905 N.E.2d 658 (Ohio Ct. App. 2008) ...........................................11

*Ikon Office Solutions, Inc. v. Usherwood Office Tech., Inc.*, 2008 WL 5206291 (N.Y. Sup. 2008).........................................................................................................................11

*Kelly Services, Inc. v. Manzullo*, 591 F. Supp. 2d 924 (E.D. Mich. 2008)....................................11

*LeJeune v. Coin Acceptors, Inc.*, 849 A.2d 451 (Md. 2004) ..........................................................11

*M-I, L.L.C. v. Stelly*, 2009 WL 2355498 (S.D. Tex. 2009)............................................................11

*Msc.Software, Inc. v. Altair Eng'g, Inc.*, 2009 WL 1856222 (E.D. Mich. 2009).........................10

*Oce North Am., Inc. v. Brazeau*, 2009 WL 6056775 (N.D. Ill. 2009) ...........................................10

*Safety-Kleen Systems, Inc. v. McGinn*, 233 F. Supp. 2d 121 (D. Mass. 2002)...............................11

*Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643 (9th Cir. 1988).......................................................12

*Stenstrom Petroleum Serv. Group, Inc. v. M esch*, 874 N.E.2d 959 (Ill. Ct. App. 2007) .......................................................................................................................................11

*United States Golf Ass'n v. Arroyo Software Corp.*, 69 Cal. App. 4th 607 (1999) .......................12

*Universal Hosp. Serv., Inc. v. Henderson*, 2002 WL 1023147 (D. Minn. 2002) ..........................11

**STATUTES**

Cal. Bus. & Prof. Code § 16600 ..................................................................................................4, 5

**RULES**

Fed. R. Civ. Proc. 11......................................................................................................................7

Fed. R. Civ. Proc. 12(b)(6) .................................................................................................2, 3, 10

**MISCELLANEOUS**

RESTATEMENT (SECOND) CONFLICT OF LAWS.............................................................................1, 6

## I. INTRODUCTION

At stake is whether a trade secret plaintiff can launch a lawsuit without any allegations of *actual* trade secret misappropriation, while ignoring California's stringent rules against (1) speculative trade secret allegations about future wrongdoing; and (2) contract terms that restrict lawful competition by employees who know the plaintiff's trade secrets.

The answers are clear-cut: California law prohibits all trade secret claims premised on speculation that employees who know the plaintiff's trade secrets will unavoidably misuse them during competitive work. Based on the same public policy, California law also strictly prohibits all contract terms that bar lawful competitive activities by such employees. TIBCO briefed these issues in detail, explained why California law applies in this case under the controlling test from the Restatement (Second) Conflict of Laws, and explained why the result would be the same even if Washington law applied to the UTSA cause of action.

In opposition, Edifecs largely avoids TIBCO's discussion of the case law. Again and again, it fails to directly respond to TIBCO's authorities. Worse, Edifecs makes arguments that contradict the controlling case law, and in some instances mis-describes its own authorities. All of Edifecs's arguments are incorrect as a matter of law, and TIBCO will address each of them in this reply brief.

Importantly, Edifecs concedes that it has no idea whether or not TIBCO has misappropriated a trade secret. Edifecs states that it "is not able to determine whether its valuable trade secrets have already been misappropriated," and "Edifecs is not able to make a firm allegation [of trade secret misuse] because it cannot know with certainty that TIBCO has misappropriated, or specifically what it has misappropriated as it has not had a chance at discovery." *See* Opposition at 6, 9.

These concessions highlight Edifecs's inability to state a claim: it failed to allege actual trade secret misuse, it admittedly has no evidence of wrongdoing, and its speculative allegations about future misuse are impermissible. The Complaint should be dismissed in its entirety for failure to state a claim.

## II. REPLY TO OPPOSITION BRIEF

### A. Edifecs Does not State a Claim for Breach of Contract.

TIBCO moved to dismiss Edifecs's claim for breach of contract because (1) Edifecs cannot allege "inevitable disclosure," and failed to state a claim for "threatened misappropriation" under California's very narrow definition of that theory; and (2) Edifecs failed to state a claim for breach of the clause protecting confidential information, because the contract allows TIBCO to engage in competitive product development, and California law would not permit a demand for employee segregation as an implied contract term. *See* Motion at 9-12.

Edifecs concedes that its "inevitable disclosure" allegations – the heart of its Complaint – are invalid under California law. Nonetheless, Edifecs pretends that California's permissible theory of "threatened misappropriation" is a synonym for the "inevitable disclosure" allegations in its Complaint. Edifecs also argues that it can state a claim for breach of contract despite an express contract term allowing TIBCO to engage in competitive product development, and despite California's prohibition of contract terms that bar lawful competition. All of these arguments are incorrect.

### 1. "Threatened Misappropriation" is not "Inevitable Disclosure."

To begin with, Edifecs cannot act as if California's permissible theory of "threatened misappropriation" is identical to the impermissible theory of "inevitable disclosure." Nor can Edifecs re-label its speculative trade secret allegations about future misuse as "threatened misappropriation" to save them under Rule 12(b)(6).

California's theory of "threatened misappropriation" does not allow a plaintiff to allege a speculative fear that a defendant will misuse trade secrets because it plans to engage in competitive work. To the contrary, and much more narrowly, "threatened misappropriation" means "a threat by a defendant to misuse trade secrets, whether by words or conduct, where the evidence indicates imminent misuse." The "mere possession" of trade secrets is insufficient. *See FLIR Systems, Inc. v. Parrish*, 176 Cal. App. 4th 1270, 1279 (2009) (defining term); *Central Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 518 (pre-*FLIR* dicta outlining similar test).

REPLY BRIEF RE MOTION TO DISMISS  
CASE NO.: 10-CV-330-RSM  
3954549_1.DOC

-2-

WILSON SONSINI GOODRICH & ROSATI  
701 Fifth Avenue, Suite 5100  
Seattle, WA 98104-7036  
Tel: (206) 883-2500  
Fax: (206) 883-2699

Edifecs fails to mention the *FLIR Systems* definition of "threatened misappropriation." Edifecs did not allege in its Complaint that TIBCO made a threat to misappropriate trade secrets, by words or conduct, showing imminent harm. What it did allege – that TIBCO plans to engage in competitive work using employees who have knowledge of trade secrets – is lawful conduct under California law. A plaintiff's speculative fear that competitive activities will result in trade secret misuse is not "threatened misappropriation" – it is instead the impermissible theory of "inevitable disclosure." Edifecs cannot re-label its "inevitable disclosure" allegations to escape TIBCO's motion to dismiss.

### 2. Edifecs Failed to Allege Actual Trade Secret Misappropriation.

TIBCO noted that Edifecs avoided firmly alleging actual misuse by alleging that TIBCO has engaged in actual *or* inevitable misuse. Because the second possibility is invalid, and because the first is not firmly alleged, TIBCO moved to dismiss under the *Iqbal/Twombly* standard. *See* Motion at 10.

Edifecs concedes that it has not firmly alleged actual trade secret misappropriation, and that it lacks facts to do so. *See* Opposition at 6, 9. Nevertheless, Edifecs claims that it properly alleged actual misappropriation under Rule 12(b)(6) – and argues that a case TIBCO cited proves the point. Edifecs seriously mis-describes the facts alleged in that case, *Clorox Co. v. S.C. Johnson & Son, Inc.*, 627 F. Supp. 2d 954 (E.D. Wisc. 2009). The plaintiff there did not make an empty "either/or" allegation of actual misappropriation. To the contrary, it made detailed allegations that a departing employee had shredded documents, was caught on video entering the office in the "wee hours" before resigning and leaving with "a large bag on rollers," and appeared to have engaged in late-night document downloads from the plaintiff's computer system onto a portable USB drive. *See Clorox*, 627 F. Supp. 2d at 959. Not surprisingly, the court denied a motion to dismiss the plaintiff's allegation of actual misappropriation – specifically relying on the allegation that the employee stole files. *See id*. at 969-70.

Edifecs alleged no facts like those seen in *Clorox* in support of a claim for actual misappropriation. Edifecs admits that it has no idea if TIBCO has engaged in actual

misappropriation. It is misleading for Edifecs to assert that the unusually detailed allegations in *Clorox* match those here. Edifecs did not state a claim for actual misappropriation under the *Iqbal/Twombly* standard.

### 3. Employee Segregation is not "Commercially Reasonable" in California.

Edifecs also argues that it is "commercially reasonable" to segregate employees from competition, and that it properly alleged breach of contract on that basis. *See* Opposition at 7.

To make this argument, Edifecs ignores TIBCO's detailed arguments and California authorities to the contrary. First, Edifecs fails to respond to TIBCO's argument that under California law – which voids all contract terms that restrict competition except those that narrowly prohibit trade secret misuse – TIBCO cannot possibly breach a contract by not agreeing to segregate employees from competitive work. It cannot be unlawful under a breach of contract theory – or commercially unreasonable – to place employees with knowledge of trade secrets in competitive positions. This is so because California courts have repeatedly held that employees with knowledge of a plaintiff's trade secrets can immediately be placed into directly competitive job positions. *See* Motion at 7 (citing *Moseley* and *Whyte*). Steps which are "commercially reasonable" to protect confidential information in California cannot include segregation restrictions that are unlawful under the state's public policy.

Edifecs also fails to respond to TIBCO's point that the contract does not require employee or document segregation, and that Edifecs waived any opportunity to demand such terms when it failed to negotiate them years ago. In turn, Edifecs ignores TIBCO's argument that, under California law, any employee segregation term would be void as a matter of law in any event because it goes beyond the narrow protection of trade secrets, and encroaches on lawful activities as well. *See* Motion at 9 (citing *Dowell* and *Thompson*). Edifecs never addresses California Business & Professions Code section 16600 and its case law.

Worse, Edifecs suggests that its employee segregation demand is "not such an undue restraint," because it would only affect about 12 out of 2000 TIBCO employees – just a "small handful." *See* Opposition at 10. This argument ignores TIBCO's point – recently affirmed by

REPLY BRIEF re MOTION TO DISMISS  
CASE NO.: 10-CV-330-RSM  
3954549_1.DOC

-4-

WILSON SONSINI GOODRICH & ROSATI  
701 Fifth Avenue, Suite 5100  
Seattle, WA 98104-7036  
Tel: (206) 883-2500  
Fax: (206) 883-2699

the California Supreme Court – that "narrow restraints" on competition are also void under section 16600. *See* Motion at 9 (citing *Edwards* and *Thompson*). There is no exception to California's ban on anticompetitive contract terms when the plaintiff asserts that the term "is not such an undue restraint."

Edifecs also argues that California's rules against anticompetitive contract terms and "inevitable disclosure" only apply in cases that involve employees, and that its segregation demand does not really encroach on employee mobility. *See* Opposition at 19. Again, Edifecs ignores TIBCO's point that California's rules apply equally to business-to-business contracts, not just to employment contracts. *See* Motion at 9 (citing three business-to-business cases). No California court has ever suggested that the rejection of "inevitable disclosure" is limited to cases where the defendant is an individual. In turn, California's strong public policy favoring employee mobility is premised on the idea that every employee has a right to do the work of his or her choosing. Edifecs's employee segregation demand, which would remove employees from their current job responsibilities for two years, directly cuts against that public policy. To suggest otherwise is not credible.

Edifecs also asserts that California allows anti-competitive contract terms when they are "necessary to protect trade secrets," and thus its segregation demands under the contract are lawful. *See* Opposition at 19. This radically misstates California law: any contract term that goes beyond requiring nondisclosure of trade secrets to sweep in lawful competitive conduct is void as a matter of law. *See Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575-77 (2009) (explaining rules).

Finally, Edifecs also ignores TIBCO's argument that Edifecs cannot allege that some unspecified standard of "commercial reasonableness" trumps conduct that the contract permits – here, the contract permits TIBCO to engage in competitive product development. *See* Motion at 12 (citations).

In summary, Edifecs ignores authority TIBCO cited on key points that dispose of its breach of contract claim. It makes several assertions about California law that are demonstrably

**REPLY BRIEF RE MOTION TO DISMISS**  
CASE NO.: 10-CV-330-RSM  
3954549_1.DOC

-5-

**WILSON SONSINI GOODRICH & ROSATI**  
701 Fifth Avenue, Suite 5100  
Seattle, WA 98104-7036  
Tel: (206) 883-2500  
Fax: (206) 883-2699

1  false, and it mis-describes the facts alleged in the *Clorox* case to try to save its claim. The breach
2  of contract claim should be dismissed.

### B. Edifecs's Arguments do not Save the Implied Covenant Claim.

Edifecs's second cause of action is for breach of the implied covenant. TIBCO moved to dismiss for the same reasons as the breach of contract claim, and noted that a plaintiff cannot use the implied covenant to vary the express terms of a written contract. *See* Motion at 12. Edifecs relegates its opposition to a footnote, and re-argues its contract allegations without addressing TIBCO's specific arguments. *See* Opposition at 7 n.4. The implied covenant claim should be dismissed for the same reasons as the contract claim.

### C. The UTSA Claim Fails Under California or Washington Law.

#### 1. Edifecs Fails to Address the Restatement Choice of Law Test.

Edifecs's third cause of action is UTSA trade secret misappropriation. TIBCO moved to dismiss because (1) California law applies, and (2) the UTSA claim fails for the same reasons as the breach of contract claim, no matter which law applies.

As to choice of law, TIBCO explained that California law applies under the controlling analysis from the Restatement (Second) Conflict of Laws. In a trade secret case, the site of the alleged wrongdoing overrides the plaintiff's own location. In addition, where the confidentiality agreement on which the trade secret claim is based contains a choice of law clause, courts apply that law to the dependent trade secret claim as well. *See* Motion at 14-15.

Edifecs claims that Washington law applies, but ignores the controlling law. Specifically, Edifecs ignores the Restatement's special analysis for trade secret claims. Instead of conceding that trade secret claims under the Restatement focus on the location of the alleged wrongdoing, Edifecs pretends that its own location (Washington) controls the analysis. *See* Opposition at 13. This is incorrect as a matter of law: the location of the defendant's alleged wrongdoing, not the plaintiff's location, is the controlling factor in the four-part Restatement analysis for a trade secret claim. *See* Motion to Dismiss at 14-15 (citations). Edifecs failed to

mention these trade secret-specific Restatement rules in its opposition brief, an omission which underscores the weakness of Edifecs's position.[1]

### 2.     Edifecs Did Not Allege Wrongdoing in Washington.

To muddy the question of the location where the alleged future wrongdoing would take place, Edifecs argues that TIBCO has offices in Washington, and claims that those offices mean that the location of the alleged wrongdoing will be Washington too. *See* Opposition at 13. In other words, Edifecs proposes that all of a trade secret defendant's offices should be treated as undifferentiated site(s) of potential wrongdoing under the Restatement analysis.

This argument fails for two reasons. First, Edifecs did not allege in its Complaint that the work TIBCO will do with the newly-acquired company will take place in Washington – and it could not have made such an allegation in good faith under Rule 11. Edifecs alleges that about 12 TIBCO employees will engage in "inevitable disclosure," but does not allege that any of them – whose identities Edifecs presumably knows, in order to count them – work in Washington. *See* Complaint ¶¶ 23-24.

A motion to dismiss concerns the allegations in the Complaint. Edifecs cannot hint in an opposition brief to "facts" that it did not (and could not) allege in the Complaint itself. Second, there is no authority for the proposition that, under the Restatement choice of law test, all of a defendant's worldwide offices are treated as the locations(s) of the alleged trade secret

---

[1] Edifecs indirectly mentions these cases in a footnote. There, Edifecs claims that because 4 out of 5 of them (purportedly) applied the law of the forum state, they really just stand for the proposition that the law of the forum state applies in trade secret cases. *See* Opposition at 13 n.9. But that is not what those decisions say, and Edifecs's count is incorrect. First, their holdings turn on the Restatement analysis that is specific to trade secret claims, not a presumption in favor of the forum state's law. Indeed, and as Edifecs concedes, when that result was different than the law of the forum state, the forum state's laws *did not* apply. Second, Edifecs's count is wrong – two of the five Restatement cases (*Default Proof* and *Cambridge Filter*) applied a law other than that of the forum state. *Clorox* did as well, on a non-Restatement choice of law test.

The result of Edifecs's creative misreading of these cases would be that any trade secret plaintiff could alter the Restatement's special rules for trade secret cases simply by filing suit in a state other than the location of the alleged wrongdoing, and then demanding that the law of the forum state be applied. That is not the law.

1  misappropriation. Rather, the cases focus on the state where the act of misappropriation is
2  alleged to physically occur. *See* Motion at 15 (citations).

### 3. The UTSA Claim is Intertwined with the Contract Claim.

Edifecs also argues that even if a contract contains a choice of law clause, this does not *always* mean that the same law applies to a plaintiff's non-contract tort claims. *See* Opposition at 13-14. Here, Edifecs notes, the parties' contract does not expressly state that related tort claims are included within the choice of law clause. Thus, Edifecs argues, the Court should apply two different bodies of law in this case – the California UTSA to the contract-based trade secret claim, and the Washington UTSA to the statutory trade secret claim.

This argument is incorrect as a matter of law, for four reasons. First, and to the extent Edifecs means to argue that a contract choice of law clause does not ordinarily extend to *related* tort claims unless it expressly says so, that is wrong. Edifecs ignores TIBCO's citation to Washington Supreme Court authorities providing that when a tort claim arises directly from a contract containing a choice of law clause, the chosen law also governs the tort claim. In such cases, it does not matter whether or not the choice of law clause expressly extends to related tort claims – the point is that the tort claim is related to the contract. TIBCO cited several cases (including Washington Supreme Court cases) where the same law applied to a related tort claim even when the contract's choice of law clause did not expressly state that it applied to such claims. *See* Motion at 14-16 (citing *Haberman*, *Kammerer*, and *Composiflex*).

Second, there is a difference between observing that it is hypothetically possible to apply the laws of two different states to a contract claim and a tort claim in the same lawsuit, and providing a principled justification for doing so in a particular case. Edifecs acts as if the general, hypothetical possibility of two bodies of law applying is sufficient in itself to justify doing so here – but fails to provide any rational basis to apply two different versions of the same trade secret statute in a case tied to the specific terms of the parties' contract.

Indeed, Edifecs fails to cite a single trade secret case anywhere in the country where a court applied a different body of law to a confidentiality contract and to the dependent trade

**REPLY BRIEF RE MOTION TO DISMISS**  
CASE NO.: 10-CV-330-RSM  
3954549_1.DOC

-8-

**WILSON SONSINI GOODRICH & ROSATI**  
701 Fifth Avenue, Suite 5100  
Seattle, WA 98104-7036  
Tel: (206) 883-2500  
Fax: (206) 883-2699

1  secret claim arising from the contract.  It appears *never* to have happened.  That makes sense,
2  because a claim for breach of a confidentiality contract and a claim for trade secret
3  misappropriation arising from the contract are the same thing.

4  Third, and more specifically, Edifecs fails to offer any opposition to TIBCO's point that
5  California courts use California UTSA case law when ruling on contract claims about
6  confidential information, and that it would therefore make no sense to apply one UTSA law
7  (California) to the contract claim, and another UTSA law (Washington) to the trade secret claim.
8  Edifecs did not cite a single case where any court applied two different versions of the UTSA –
9  or any other Uniform Act statute, for that matter – to the same fact pattern.  There is no
10 principled reason to do here what no court anywhere has ever done.

11 Fourth, TIBCO noted that Edifecs's UTSA cause of action is unusually intertwined with
12 the contract at issue here.  This is so because Edifecs seeks to use the UTSA claim to add
13 employee segregation restrictions to the contract term that permits TIBCO to engage in
14 competitive product development.  *See* Motion at 16.  In opposition, Edifecs asserts that the
15 contract claim and the UTSA claim are not intertwined, because the contract covers other
16 subjects apart from confidentiality as well.  *See* Opposition at 11 n.7.  This is unconvincing.  The
17 fact that a contract covers other subjects beyond confidential information does not affect the
18 interrelationship between Edifecs's contract and UTSA claims.

19 This question is not a close one.  The Restatement test contains a special rule for trade
20 secret cases.  The nationwide case law on that rule is consistent.  There is a California choice of
21 law clause in the confidentiality contract.  The UTSA claim arises from and is intertwined with
22 that contract.  Edifecs alleges that TIBCO is based in California, and did not allege that any of
23 the 12 employees at issue would engage in wrongdoing in Washington.  Edifecs's opposition
24 arguments ignore key points of law.  California law applies.

25 **4.    California Law Requires Dismissal.**

26 Edifecs suggests that even though "inevitable disclosure" is impermissible under
27 California law, a UTSA claim cannot be dismissed on that basis.  *See* Opposition at 16.  If

Edifecs means to argue that a plaintiff can state a claim under Rule 12(b)(6) on a prohibited legal theory, this makes no sense.  Moreover, Edifecs concedes that there is authority for dismissing a trade secret claim when it is premised on "inevitable disclosure."  *See* Opposition at 18 n.13; *Globespan, Inc. v. O'Neill*, 151 F. Supp. 2d 1229, 1233-34 (C.D. Cal. 2001).

Without its primary "inevitable disclosure" allegation – and its failure to allege "threatened misappropriation" as California law defines that concept – Edifecs did not state a claim on its remaining "either/or" allegation of actual misappropriation, for the same reasons discussed above for the contract claim.  The UTSA claim should be dismissed.

### 5. Washington Courts Would not Adopt "Inevitable Disclosure."

Because Edifecs fails to counter TIBCO's argument that California law applies to the UTSA claim, the Court need not delve into whether Washington courts would or should recognize the "inevitable disclosure" theory, or order segregation of California-based employees from their job responsibilities.

But if the Court were to address the question, there is no reason to adopt the radical, one-sided "inevitable disclosure" theory.  There is no reason to give trade secret plaintiffs a right to disrupt lawful competition and high-tech innovation based on subjective "fears" of future wrongdoing.  There is no reason to adopt a theory that allows a trade secret plaintiff to attack and enjoin employees without evidence of misuse.  Legal scholars have harshly criticized the theory for its negative effects on the development of high-tech clusters, and it would be bad public policy for Washington – with its important technology sector – to adopt it.

And while Edifecs supplies a list of cases applying "inevitable disclosure," there is an equally long list of cases either rejecting it outright or rejecting it where (as here) the plaintiff's speculative allegations lacked evidence of actual wrongdoing.[2]  The trend in recent years is

---

[2] Some of the many recent cases rejecting or limiting the theory (or speculative trade secret claims in general) include **Washington**: *Desert Sun Net LLC v. Kepler*, 2006 WL 3091170, *8 (W.D. Wash. 2006) (rejecting speculative accusations where plaintiff was "afraid that Defendants will disclose or use" trade secrets); **New Hampshire**: *Ansys v. Computational Dynam. N. Am., Ltd.*, 595 F.3d 575, 580-81 (1st Cir. 2010) (speculative injunction denied in absence of wrongdoing); **Michigan**: *Msc.Software, Inc. v. Altair Eng'g, Inc.*, 2009 WL 1856222 (E.D. Mich. 2009) (mere fact that defendant had knowledge of the alleged trade secrets and was a strong
(continued...)

**REPLY BRIEF RE MOTION TO DISMISS** -10- **WILSON SONSINI GOODRICH & ROSATI**
CASE NO.: 10-CV-330-RSM
3954549_1.DOC
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

undeniably against inevitable disclosure. The Court should not take the aggressive step of recognizing "inevitable disclosure" here, even if Washington law were to apply.

### D. Edifecs Fails to State a Claim for "Injunctive Relief."

TIBCO moved to dismiss Edifecs's fourth cause of action for "Injunctive Relief," because there is no such free-standing claim under California (or Washington) law, and because even if there were, it would be preempted by the Uniform Trade Secrets Act in both states. *See* Motion at 20-21. Edifecs ignores TIBCO's UTSA preemption argument, and thus waived any opposition on that issue, which alone disposes of the claim.

As to the viability of a claim for "injunctive relief," Edifecs asserts that (1) a 1999 California case recognized a free-standing cause of action for "injunctive relief," and (2) federal remedial law applies in this case and allows a claim for "injunctive relief." *See* Opposition at 9 & n.6. Both arguments are wrong. First, the 1999 California case did not recognize a free-standing claim for "injunctive relief" – the court did not even address that question. Rather, the

---

(...continued from previous page)
competitor of plaintiff was insufficient; noting that Michigan has not endorsed the "inevitable disclosure" doctrine); *Kelly Serv., Inc. v. Manzullo*, 591 F. Supp. 2d 924 (E.D. Mich. 2008) (same; absence of wrongdoing); **New York**: *American Airlines, Inc. v. Imhof*, 620 F. Supp. 2d 574 (S.D.N.Y. 2009) (denying "inevitable disclosure" injunction; noting that the doctrine is disfavored because is against New York's public policy and "suppress[es] healthy competition"); *Ikon Office Solutions, Inc. v. Usherwood Office Tech., Inc.*, 2008 WL 5206291 (N.Y. Sup. 2008) ("reliance on inevitable disclosure to imply a restrictive covenant against competition is 'disfavored' absent an actual misappropriation of trade secrets"); **Illinois**: *Oce North Am., Inc. v. Brazeau*, 2009 WL 6056775 (N.D. Ill. 2009) (denying relief; "courts do not often invoke the 'inevitable disclosure' doctrine because a broad application would be an effective bar against employees taking similar positions with competitive entities"); *Stenstrom Petroleum Serv. Group, Inc. v. Mesch*, 874 N.E.2d 959, 977 (Ill. Ct. App. 2007) (same; mere fact that a former employee accepted a similar position with a competitor does not demonstrate inevitable disclosure); **Texas**: *M-I, L.L.C. v. Stelly*, 2009 WL 2355498 (S.D. Tex. 2009) (denying "inevitable disclosure" based on absence of wrongdoing); **Ohio**: *Hydrofarm, Inc. v. Orendorff*, 905 N.E.2d 658 (Ohio Ct. App. 2008) (inevitable disclosure doctrine was inapplicable as basis for granting injunctive relief in absence of clear and convincing evidence that former employer would be irreparably harmed); **Connecticut**: *Aetna, Inc. v. Fluegel*, 2008 WL 544504 (Conn. Super. 2008) (denying "inevitable disclosure" injunction); **Indiana**: *Dearborn v. Everett J. Prescott, Inc.*, 486 F. Supp. 2d 802, 820 (S.D. Ind. 2007) ("inevitable disclosure" doctrine "should remain limited to a rare and narrow set of circumstances in which the departing employee has acted in bad faith in taking or threatening to take valuable confidential information from the employer."); **Maryland**: *LeJeune v. Coin Acceptors, Inc.*, 849 A.2d 451, 454 (Md. 2004) (theory not recognized); **Massachusetts**: *Safety-Kleen Systems, Inc. v. McGinn*, 233 F. Supp. 2d 121, 124 (D. Mass. 2002) (denying "inevitable disclosure" injunction; "Massachusetts law provides no basis for an injunction without a showing of actual disclosure"); **Minnesota**: *Universal Hosp. Serv., Inc. v. Henderson*, 2002 WL 1023147 (D. Minn. 2002) (denying relief; to obtain an injunction, plaintiff must demonstrate "a high degree of probability of inevitable disclosure."); **Florida**: *Del Monte Fresh Prod. Co. v. Dole Food Co., Inc.*, 148 F. Supp.2d 1326, 1337 (S.D. Fla. 2001) (rejecting theory under both Florida and California law; absent actual or threatened misappropriation, there is no claim).

1  plaintiff sought injunctive relief as a remedy under three specific causes of action, not as a free-
2  standing claim.  *See United States Golf Ass'n v. Arroyo Software Corp.*, 69 Cal. App. 4th 607,
3  614-15 (1999) (listing the causes of action).  Edifecs's citation to this case is misleading.  By
4  contrast, and as TIBCO noted, California courts have directly held that there is no free-standing
5  cause of action for "injunctive relief."  *See* TIBCO Motion at 20 (citations).

6  Second, there is no such thing as a free-standing claim for "injunctive relief" under
7  federal common law.  In any event, when federal courts address state law causes of action, they
8  apply the remedial law of the state at issue, not federal standards.  *See generally Sims*
9  *Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988).  Edifecs's cause of action for
10 "injunctive relief" should be dismissed without leave to amend.

11 **E.     Edifecs's Allegations from its Other Lawsuit do not Save its Claims.**

12 At several points, Edifecs recites allegations from a separate lawsuit it has filed against a
13 former Edifecs employee TIBCO hired (but not against TIBCO), and argues that those
14 allegations help it state a claim.  *See* Opposition at 3-4, 8, 15.  This is a non-sequitur: Edifecs
15 does not allege that the individual defendant in the other lawsuit is one of the 12 or so employees
16 Edifecs seeks to segregate, or that the allegations from that lawsuit have any other subject matter
17 overlap.  There is no authority for the proposition that allegations from one lawsuit can bolster
18 failed allegations from another.

19 **III.    CONCLUSION**

20 For the foregoing reasons, defendant TIBCO respectfully requests that Edifecs's
21 Complaint be dismissed without leave to amend.

Dated: April 23, 2010

s/ Britton F. Davis
Britton F. Davis, WSBA #39523
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: bdavis@wsgr.com

*– and –*

James A. DiBoise, admitted *Pro Hac Vice*
Charles Tait Graves, admitted *Pro Hac Vice*
Jimmy A. Nguyen, admitted *Pro Hac Vice*
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: tgraves@wsgr.com

*Attorneys for Defendant*,
TIBCO Software Inc.

**REPLY BRIEF RE MOTION TO DISMISS**
CASE NO.: 10-CV-330-RSM
3954549_1.DOC

-13-

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record.

Aneelah Afzali
aneelah.afzali@stokeslaw.com,dll@stokeslaw.com

Scott A.W. Johnson
sawj@stokeslaw.com,klc@stokeslaw.com,wah@stokeslaw.com

Thomas Lerner
tom.lerner@stokeslaw.com,michiko.chinen@stokeslaw.com

Dated: April 23, 2010

s/ Britton F. Davis
Britton F. Davis

CERTIFICATE OF SERVICE
CASE NO.: 10-CV-330-RSM
3954549_1.DOC

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699