1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

EDIFECS INC., a Washington
corporation,

CASE NO. C10-330-RSM

11

Plaintiff,

ORDER ON DEFENDANT'S
MOTION TO DISMISS AMENDED
COMPLAINT

12

v.

13

14

TIBCO SOFTWARE INC., a Delaware
corporation,

15

Defendant.

16

17

## I. INTRODUCTION

18

This motion comes before the Court upon Defendant's Motion to Dismiss Amended

19

Complaint (Dkt. #41).  For the reasons set forth below, Defendant's motion is granted in part and

20

denied in part.

21

## II. BACKGROUND

22

This case arises from Defendant's acquisition of Foresight Corporation ("Foresight"),

23

Plaintiff's chief competitor in the healthcare software solutions industry. Dkt. # 1, ¶ 2. Plaintiff

24

1   alleges that the Foresight acquisition significantly threatened the confidentiality of its proprietary

2   software technology held by the Defendant under various licensing agreements.  Plaintiff Edifecs

3   Inc. ("Edifecs"), a Washington corporation, brought this diversity suit for breach of contract and

4   trade secret misappropriation against defendant TIBCO Software, Inc. ("TIBCO"), a Delaware

5   corporation with principal place of business in Palo Alto, California. The complaint was filed

6   March 22, 2010. Dkt. # 1.

7          In a December 17, 2010 order (Dkt. #30), this Court dismissed Plaintiff's complaint and

8   granted leave to amend.  The Court applied California law and held that allegations that TIBCO

9   had failed to segregate documents and employees to protect against the possibility of disclosure

10  of Edifecs' confidential information did not state a claim for which relief could be granted.  Dkt.

11  #30.  With respect to Edifecs' claim under the Uniform Trade Secrets Act (UTSA), the central

12  defect with Plaintiff's complaint was that there was no allegation of actual trade secret

13  misappropriation. To the extent that Plaintiff's claim for trade secret misappropriation proceeded

14  on a theory of inevitable disclosure, the Court dismissed the claim because of California's

15  rejection of the inevitable disclosure doctrine.  And to the extent that Plaintiff proceeded on a

16  theory of threatened misappropriation, the Court held that Edifecs had failed to allege that

17  TIBCO had actually threatened to misuse Plaintiff's trade secrets.  Specifically, TIBCO's refusal

18  to segregate documents and employees following the acquisition of Foresight was not a threat of

19  trade secret misappropriation.  *Id.* at 8.

20         Finally, with respect to Plaintiff's breach of contract claim, the court determined that the

21  contract at issue did not include an implied obligation to segregate employees and documents

22  from those employees creating competitive products.  The Court reasoned that, because the

23  contract vested TIBCO with a "Right to Develop Independently," which did not require TIBCO

24

1  to segregate employees when developing competing products, it would be inconsistent to read

2  the contract as including such an implied covenant with respect to TIBCO's acquisition of

3  Foresight.  *Id.*  ("[I]t would be inconsistent to interpret the contract to require TIBCO to

4  segregate its employees and documents from Foresight simply because it acquired a subsidiary to

5  create competitive products, rather than leverage its existing employees for that purpose.").

6  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing was dismissed

7  because Edifecs failed to allege that TIBCO's failure to segregate documents and employees

8  frustrated its ability to receive the benefit of its contract.

9      Ultimately, the Court granted Defendant's Motion to Dismiss in its entirety but granted

10  Edifecs leave to amend its complaint to include allegations, should they exist, of actual trade

11  secret misappropriation, breach of contract, or breach of the implied covenant.  The Court's

12  denied Edifecs' Motion for Reconsideration.  Dkt. #35.

13  ## III. DISCUSSION

14  **A.  Rule 12(f) Motion to Strike Segregation Allegations**

15      Pursuant to the Court's December 17, 2010 order, it is now the law of the case that

16  allegations that TIBCO failed to segregate its employees and relevant documents following its

17  acquisition of Foresight do not state a claim for misappropriation of trade secrets, breach of

18  contract, or breach of the implied covenant of good faith and fair dealing.  *See generally United*

19  *States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000).   The Court is not at liberty to

20  revisit this issue.  *Id.*  Therefore, it would constitute a waste of judicial resources to permit the

21  parties to litigate the question further.  *Id.* ("The law of the case doctrine is a judicial invention

22  designed to aid in the efficient operation of court affairs.  Under the doctrine, a court is generally

23  precluded from reconsidering an issue previously decided by the same court, or a higher court in

24

1  the identical case.") (internal citations omitted).   TIBCO now moves under Fed. R. Civ. P. 12(f)

2  to strike those portions of the Edifecs' Amended Complaint that re-allege TIBCO's failure to

3  segregate employees and information as a basis for its claims.

4       Rule 12(f) permits a Court to "strike from a pleading an insufficient defense or any

5  redundant, immaterial, impertinent, or scandalous matter."   The Ninth Circuit recently held that

6  Rule 12(f) does not authorize district courts to strike claims for damages on the basis that it is

7  precluded as a matter of law.  *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir.

8  2010).   This is because Rule 12(f) motions are reviewed for an "abuse of discretion," whereas

9  12(b)(6) motions are reviewed de novo.  *Id.* at 974.  "Thus, if a party may seek dismissal of a

10  pleading under Rule 12(f), the district court's action would be subject to a different standard of

11  review than if the district court had adjudicated the same substantive action under Rule 12(b)(6).

12  Applying different standards of review, when the district court's underlying action is the same,

13  does not make sense."  *Id.*  Notwithstanding the holding of *Whittlestone,* the Court finds that

14  striking portions of Plaintiff's complaint is appropriate under these circumstances.

15       First, redundant matters may be stricken from a pleading under Rule 12(f).  The Court

16  already decided as a matter of law that TIBCO's failure to segregate employees and documents

17  does not give rise to the claims Edifecs asserts.  *See* Dkt. #30.  Therefore, the allegations in the

18  First Amended Complaint that re-allege the same claims based on the same set of facts as those

19  in the original complaint are redundant.  Second, the concern about standard of review that

20  informs the *Whittlestone* decision is not present here.  Striking portions of the First Amended

21  Complaint that have already been dismissed in the earlier briefing based on the law of the case

22  doctrine will not prejudice the Plaintiff upon appeal.  Should Edifecs choose to challenge the

23  Court's decision regarding TIBCO's failure to segregate not giving rise to a cause of action for

24

ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 4

violation of the UTSA, breach of contract, or breach of the implied covenant, it will be entitled to *de novo* review because that decision was made under Rule 12(b)(6).

For these reasons, TIBCO's Rule 12(f) Motion to Strike is appropriate to the extent that portions of the First Amended Complaint re-allege that TIBCO's failure to segregate documents and employees following the acquisition of Foresight constitutes a violation of the UTSA, a breach of contract, or a breach of the implied covenant of good faith and fair dealing.   While Edifecs has changed the language in the First Amended Complaint such that it no longer alleges that TIBCO's failure to take commercially reasonable steps to protects its confidential information is solely predicated on its failure to implement the specific segregation procedures requested by Edifecs, the Amended Complaint does not include any allegations other than the failure to segregate that would support its allegations that TIBCO failed to take reasonable steps to protect the confidential information.   Therefore, the following portions of Edifecs' complaint are hereby STRICKEN: 2:1-2, 5:8-21, 7:16-18 (starting with "and the obligation to…"), and 9:4-9.  The Court will not strike those portions of Plaintiff's complaint that call for the segregation of employees and documents in its prayer for relief because the Court has not made any prior determination regarding whether such a remedy would constitute appropriate relief under the circumstances.   Further, the Court declines to make such a determination at this stage in the litigation.

**B. Motion to Dismiss Claim for Breach of the Implied Covenant**

Defendant moves to dismiss Edifecs' claim for breach of the implied covenant of good faith and fair dealing as duplicative of its breach of contract claim.  Edifecs alleges that TIBCO breached the implied covenant by failing to pay proper royalties and failing to comply with contractual terms regarding confidentiality.  Edifecs argues that the First Amended Complaint contains factual allegations that support its breach of the implied covenant claim that are distinct

1  from those allegations that support its breach of contract claim.  For example, Edifecs alleges

2  that TIBCO frustrated Edifecs' ability to benefit from the License Agreement through the

3  maintenance of improper internal controls and manual accounting systems.

4         Conduct that is actionable as a breach of contract claim does not give rise to a separate

5  claim for breach of the implied covenant of good faith and fair dealing.  *See, e.g., Guz v. Bechtel*

6  *Nat'l, Inc.,*  24 Cal.4th 317, 352-53 (2000).  However, Plaintiff has alleged that Defendant

7  engaged in distinct conduct – including engaging in a particular method of accounting – that may

8  give rise to a separate claim for breach of the implied covenant.  Therefore, the Court declines to

9  dismiss Plaintiff's claim for breach of the implied covenant.

10  **C.  Motion to Dismiss Claim for Injunctive Relief**

11         TIBCO seeks to dismiss Edifecs' Fourth Cause of Action for Injunctive Relief and

12  Accounting on the basis that a separate claim for injunctive relief is not recognized under

13  California law and, even if it were, California does not permit parties to allege tort claims over

14  nonpublic information except through the Uniform Trade Secrets Act.  Injunctive relief is a

15  remedy, not a cause of action.  *See* BLACK'S LAW DICTIONARY 201 (1979) (defining cause

16  of action as "[a] situation or state of facts which would entitle party to sustain action and give

17  him right to seek a judicial remedy in his behalf.").  Therefore, Edifecs' requested injunctive

18  relief must be tied to an independent duty owed by the Defendant to the Plaintiff.  *See McDowell*

19  *v. Watson,* 59 Cal.App.4th 1155, 1159, 69 Cal.Rptr.2d 692 (1997); *Cox Commc'ns PCS, L.P. v.*

20  *City of San Marcos,* 204 F.Supp.2d 1272, 1283 (S.D.Cal.2002).  Edifecs may seek an injunction

21  and an accounting in connection with its other claims.  Therefore, the Court will construe

22  Edifecs' claim for injunctive relief and an accounting as part of its prayer for relief rather than a

23  separate cause of action.  *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do

24  justice.").   As such, the claim is not preempted by the CUTSA and will not be dismissed.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Dismiss (Dkt. #41) is GRANTED in part and DENIED in part, as set out above.

(2) The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel of record.

Dated March 23, 2011.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 7